IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET GIDLEY and NORMAN GIDLEY, | : | CIVIL ACTON |
| | : | NO. 09-3701 |
| v. | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY | : | |

O'Neill, J.                                                                                                       October 6, 2009

# MEMORANDUM

Plaintiffs Janet Gidley and Norman Gidley filed a complaint in the Pennsylvania Court of Common Pleas of Northampton County and the case was subsequently removed to this Court on August 13, 2009. I have before me now defendant's motion to dismiss counts II and IV of plaintiffs' complaint, plaintiffs' response and defendant's reply.

## BACKGROUND

Plaintiffs allege that on February 18, 2005, they were riding together in their car when they were struck head-on by another car and suffered numerous serious injuries. Prior to the accident, plaintiffs allege that they obtained an automobile insurance policy from defendant which provided medical payments coverage and underinsured motorist coverage. Plaintiffs allegedly provided timely notice to defendant of their medical claims related to the accident and defendant, after conducting a peer review of those claims, denied all of plaintiffs' medical claims. Plaintiffs accepted defendant's offer to pay plaintiff, Mrs. Gidley the full policy limit of $100,000.00 under the underinsured motorist policy, and rejected defendant's offer to pay plaintiff, Mr. Gidley $40,000.00 under the underinsured motorist policy. Plaintiffs' complaint alleges claims for breach of contract (count I), breach of duty of good faith and fair dealing

(count II), bad faith acts (count III), violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (count IV), and underinsured motorist coverage (count V).  Plaintiffs seek $50,000.00 plus reasonable attorneys' fees and costs, as well as punitive damages.  In addition, they request that their damages be trebled as permitted under the UTPCPL.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though a plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  Id., citations omitted.  The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556.

The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1955, 173 L.Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'  Iqbal, 129 S.Ct. at 1949.  To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim

2

is facially plausible." Fowler v. UPMC Shadyside, No. 07-4285, 2009 WL 2501662, at * 4 (3d Cir. 2009).  The Court of Appeals also set forth a two part-analysis for reviewing motions to dismiss in civil actions in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at *5, quoting Iqbal, 129 S. Ct. at 1950.  The Court of Appeal explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

DISCUSSION

Defendant moves to dismiss counts II and IV of plaintiffs' complaint.  In their response, plaintiffs concede that their second count for breach of duty of good faith and fair dealing is subsumed by their claims for breach of contract and bad faith.  Because plaintiffs concede this matter, I will dismiss count II.

With respect to count IV, plaintiffs allege defendant violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1 et seq. (UTPCPL).  Defendant moves to dismiss this claim arguing that plaintiffs failed to identify which provision of the UTPCPL defendant allegedly violated, failed to identify the elements of a UTPCPL claim, and

failed to plead any facts demonstrating plaintiffs' justifiable reliance.

The UTPCPL prohibits any person from engaging in "[u]nfair methods of competition and unfair or deceptive acts or practices." 73 Pa. Stat. § 201-3. It sets forth twenty-one separate definitions of "unfair methods of competition" and "unfair or deceptive acts or practices." 73 Pa. Stat. § 201-2(4)(i)-(xxi). Courts are to construe the UTPCPL "liberally to effect its object of preventing unfair or deceptive practices." Creamer v. Monumental Properties, Inc., 329 A.2d 812, 817 (Pa. 1974). A private cause of action is available under the UTPCPL for "[a]ny person who purchases or leases goods or services . . . and thereby suffers any ascertainable loss . . ., as a result of the use or employment by any person of a method, act or practice declared unlawful." 73 Pa. Stat. § 201-9.2(a). "Because the loss must occur 'as a result of' unlawful conduct under the UTPCPL, 'a private plaintiff pursuing a claim under the statute must prove justifiable reliance' on the unlawful conduct, not merely that the wrongful conduct caused the plaintiff's injuries." Seldon v. Home Loan Services, Inc., No. 07-04480, 2009 WL 2394182, at * 11 (E.D. Pa. Aug. 4, 2009), quoting Hunt v. U.S. Tobacco Co., 538 F.3d 217, 221 (3d Cir. 2008).

Plaintiffs' UTPCPL claim not only fails to identify which type of unfair method of competition or unfair and deceptive act defendant allegedly committed, it also lacks supporting factual allegations demonstrating plaintiffs justifiably relied on defendant's representations or conduct. Plaintiffs' complaint broadly states that defendant,

> engag[ed] in negligent, reckless and/or intentional conduct by:
>
> i. Failing to properly and timely pay benefits they knew were due and owing;
>
> ii. Engaging in conduct causing the likelihood of confusion and/or

>  misunderstanding to Plaintiffs regarding the offering and receipt of underinsured motorist benefits;
>
>  iii.  Failing to properly, fairly and promptly investigate and evaluate Plaintiffs' UIM claim;
>
>  iv. In deliberately delaying payment of benefits due and owing;
>
>  v. In deliberately denying the full amount of coverage available to Plaintiff; and
>
>  vi. In using the Claim Core Process Redesign (CCPR), which was aimed at or resulted in reducing valid claims payments.

Complaint ¶ 76.  Nowhere in the complaint do plaintiffs identify which of the UTPCPL's twenty-one unfair methods of competition defendant allegedly committed.  Construing the complaint in the light most favorable to plaintiffs, my review of those twenty-one methods finds that the plaintiffs' allegations could only fit into the "catch-all" definition.

Under the "catch-all" provision, a defendant violates the UTPCPL by "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding."  72 Pa. Stat. § 201-2(4)(xxi).  In order to state a claim under the catch-all provision, a plaintiff must make "allegations of justifiable reliance and causation, elements essential to any UTPCPL claim."[1]  Seldon, 2009 WL 2394182, at * 13; see also Hunt, 538 F.3d

---

[1] This court has also held that to state a claim under the catch-all provision a plaintiff must allege the elements of common law fraud if the plaintiff alleges that the defendant engaged in fraudulent conduct, but need not allege the elements of fraud if the plaintiff only alleges that the defendant engaged in deceptive conduct.  Seldon, 2009 WL 2394182 at *15 (noting that the Pennsylvania Supreme Court has not made a final determination as to this issue).  However, since I find that plaintiffs have not alleged justifiable reliance and since defendant does not raise the issue of whether plaintiffs properly pled the fraud elements, I do not reach this issue

at 221.

  Plaintiffs cannot sustain a claim for either fraudulent or deceptive conduct because they have failed to allege that they "justifiably relied on defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." <u>Yocca v. Pittsburgh Steelers Sports, Inc.</u>, 854 A.2d 425, 438 (Pa. 2004).  In their complaint, plaintiffs aver that defendant made several representations to them, not least of which is the insurance policy itself.  Plaintiffs allege that they entered an agreement with defendant to provide automobile insurance.  This policy provided, in part, medical coverage to each plaintiff in the amount of "One Hundred Seventy Thousand Five Hundred Dollars [sic] ($177, 500.00)."  Comp. ¶ 9.  The policy also provided underinsured motorist coverage "in the amount of Fifty Thousand/One Hundred Thousand ($50,000.00/$100,000.00) Dollars stacked with 2 insured vehicles, for a total coverage amount of One Hundred Thousand/Two Hundred Thousand ($100,000.00/$200,000.00) Dollars."  <u>Id</u>. at ¶ 10.  Plaintiffs allege that Mrs. Gidley incurred various medical expenses which are "due and allowable under the terms of the subject policy of insurance."  Comp. ¶ 15.  This allegation is a mere "label[] and conclusion[]"and therefore will not be considered.  <u>Twombly</u>, 550 U.S. at 555; <u>see also</u> <u>Fowler</u>, 2009 WL 2501662, at * 4 ("The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.").

  Plaintiffs also allege that defendant made various representations in the peer review reports it ordered.  Plaintiffs allege that they each underwent treatment for their injuries beginning after the crash on February 18, 2005.  The complaint alleges that the last treatment received by either plaintiff was in November 2005 when Mrs. Gidley underwent knee surgery.

---

here.

Comp. ¶ 37. On October 5, 2005, plaintiffs allege defendant notified both plaintiffs that it would be invoking the peer review process. This process entailed having Perspective Consulting, Inc. review plaintiffs' medical records to confirm the treatments were medically necessary prior to defendant making any decision concerning payment of medical claims submitted by plaintiffs. Comp. ¶ 23-24. The peer review reports were issued on November 29, 2005, December 5, 2005 and March 31, 2006. Plaintiffs allege that the contents of those reports are inconsistent with defendant's subsequent decision not to reimburse plaintiffs or pay plaintiffs' medical providers for the costs of treatment. Even assuming this is true, there is no indication, nor could there be, in the complaint that plaintiffs relied on these peer review reports. Since all of plaintiffs' treatments occurred prior to the issuance of the peer review reports, plaintiffs could not have relied on the reports' contents when making their treatment decisions.

Similarly, plaintiffs allege that a paralegal from their counsel's office spoke with Josh Coker, an adjuster for defendant, on January 17, 2006 concerning the peer review reports. Mr. Coker allegedly stated the outstanding medical bills would be paid. Comp. ¶ 36. Again, even assuming this is true, the complaint fails to allege that this statement by Mr. Coker to the paralegal was ever communicated to plaintiffs or, more importantly, that plaintiffs relied on this statement to their detriment. Again, all of plaintiffs' treatment decisions and treatments had already been performed at this time. Thus, there is no indication how this statement by Mr. Coker could cause plaintiffs to rely upon it their detriment.

In sum, while plaintiffs allege defendant made several representations concerning the insurance policy and the payment of claims under the policy, plaintiffs have failed to allege that they justifiably relied on any of these statements or that their reliance was the cause of the alleged

injuries they sustained.

Plaintiffs' response fails to identify any allegation in their complaint in which they allege justifiable reliance. Rather, their response argues that allegations of a mishandled insurance investigation is sufficient to meet the first element of a UTPCPL claim, namely that defendant's conduct rises to the level of unfair and deceptive practices. Even assuming plaintiffs allegations of defendant's conduct rises to that level, they still must sufficiently allege justifiable reliance.

The Court of Appeals has held that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Therefore, I will grant defendant's motion and dismiss counts II and IV of plaintiffs' complaint, and grant plaintiffs leave to amend count IV.