IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET GIDLEY and NORMAN GIDLEY, | : | CIVIL ACTON |
| | : | NO. 09-3701 |
| v. | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY | : | |

O'Neill, J.  December 17, 2009

## **MEMORANDUM**

Plaintiffs Janet Gidley and Norman Gidley filed a complaint in the Pennsylvania Court of Common Pleas of Northampton County and the case was subsequently removed to this Court on August 13, 2009. On October 6, 2009, I dismissed counts II and IV of plaintiff's original complaint and granted plaintiffs leave to amend count IV. On October 13, 2009, plaintiffs filed their amended complaint. Subsequently, defendant Allstate Insurance Company moved to dismiss count III of the amended complaint (previously count IV of the original complaint). I have before me now defendant's motion to dismiss, plaintiffs' response and defendant's reply. The relevant background is set forth in my opinion of October 6, 2009.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though a plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption

that all of the allegations in the complaint are true (even if doubtful in fact)." Id., citations omitted. The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556.

The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1955, 173 L.Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' Iqbal, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, No. 07-4285, 2009 WL 2501662, at * 4 (3d Cir. 2009). The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

DISCUSSION

Defendant moves to dismiss count III of plaintiffs' amended complaint which alleges a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1 et seq. (UTPCPL). Previously, I dismissed plaintiffs' UTPCPL claim and granted leave to amend because the original complaint lacked "allegations of justifiable reliance and causation, elements essential to any UTPCPL claim." Gidley v. Allstate Ins. Co., No. 09-3701, 2009 WL

3199599, at *3 (E.D. Pa. 2009) ("Gidley I") (quoting Seldon v. Home Loan Services, Inc., No. 07-04480, 2009 WL 2394182, at * 13 (E.D. Pa. Aug. 4, 2009), and citing Hunt v. U.S. Tobacco Co., 538 F.3d 217, 221 (3d Cir. 2008)).

Plaintiffs' amended complaint adds the following two paragraphs:

> 9. At all times material herein, when Plaintiffs purchased insurance from Defendant, Allstate Insurance Company and thereafter, they justifiably relied on the representations of Defendant, Allstate Insurance Company, by and through their agents, that Allstate Insurance Company would promptly investigate and pay for any motor vehicle loss claims, available under the aforementioned policy of automobile insurance, suffered by the Plaintiffs.
> . . . .
> 92. All of the foregoing [allegations of 'unfair deceptive practices'] was in contravention to the representations made by the agents of Defendant, Allstate, which were justifiably relied on by Plaintiffs, in purchasing automobile insurance from Defendant, Allstate, that they would abide their fiduciary and contractual obligations under the automobile policy and fairly resolve all claims; additionally that Plaintiffs were 'in good hands with Allstate.'

Am. Compl. ¶¶ 9 and 92.

In my prior opinion, I construed plaintiffs' complaint to allege a cause of action under the UTPCPL's "catch-all" provision.[1] The catch-all prohibits "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." 73 Pa. Stat. § 201-2(4)(xxi). Plaintiffs must also show that they justifiably relied on that conduct and that it caused their injury. Gidley I, at *3.

Defendants argue that a claim under the catch-all provision requires plaintiffs to prove the

---

[1] Despite having the opportunity to amend and clarify their complaint, plaintiffs' amended complaint still does not specify the provision of the UTPCPL under which they claim relief. They have not alleged any new facts or claims which cause me to change my prior construal of their complaint. Therefore, I will continue to construe the complaint as only alleging a cause of action under the catch-all provision.

3

elements of common law fraud and, consequently, to plead the claim with particularity as required by Rule 9(b). Fed. R. Civ. P. 9(b) (requiring party to "state with particularity the circumstances constituting fraud or mistake"). Plaintiffs do not address this argument in their response.

In a footnote in my prior opinion I noted,

> [t]his Court has also held that to state a claim under the catch-all provision a plaintiff must allege the elements of common law fraud if the plaintiff alleges that the defendant engaged in fraudulent conduct, but need not allege the elements of fraud if the plaintiff only alleges that the defendant engaged in deceptive conduct. Seldon, 2009 WL 2394182 at *15 (noting that the Pennsylvania Supreme Court has not made a final determination as to this issue). However, since I find that plaintiffs have not alleged justifiable reliance and since defendant does not raise the issue of whether plaintiffs properly pled the fraud elements, I do not reach this issue here.

Gidley I, at *3 n.1. In 1996, the Pennsylvania legislature amended this section by adding the words "or deceptive" after "fraudulent." Act of Dec. 4, 1996, P.L. 906, No. 146, § 1. Prior to that amendment, liability under the catch-all provision was conditioned on proving the elements of common law fraud. While some courts continue to require proof of fraud, I find persuasive this Court's reasoning in Seldon and the Bankruptcy Court's reasoning in In re Patterson, 263 B.R. 82, 92 (Bkrtcy. E.D. Pa. 2001). In Seldon, Judge Yohn set forth four reasons why a plaintiff need not allege all of the elements of common law fraud if he only alleges deceptive conduct under the catch-all provision:

> First, because the 1996 amendment added a prohibition of deceptive conduct to the existing prohibition of fraudulent conduct, requiring proof of fraud for merely "deceptive" conduct would render the added term "deceptive" superfluous, contrary to principles of statutory construction. Second, removing the common law fraud requirement comports with the Pennsylvania Supreme Court's directive to

4

> construe the statute liberally. Third, of those federal and state cases that continue to require proof of the elements of fraud, for whatever reason the courts cite cases pre-dating the 1996 amendments or do not discuss the amendments in any depth or at all. Fourth, in many cases in this circuit, courts have determined that a plaintiff's claim for deceptive conduct under the catchall provision does not require alleging the elements of common law fraud.

Seldon, at *15 (citations omitted). After the 1996 amendment, one Pennsylvania Superior Court opinion continued to hold that a plaintiff must prove the elements of common law fraud. Booze v. Allstate Ins. Co., 750 A.2d 877, 880 (Pa. Super. 2000). As In re Patterson notes,

> The Superior Court's opinion simply relies on a pre-amendment citation for the fraud requirement and drops a footnote noting that the court is aware of the amendment. There is no explanation or rationale as to why the amendment does not affect the court's decision. One possible explanation is that the complained of conduct occurred prior to the effective date of the statutory change. Yet one would expect the court to note as much when it recognized the occurrence of the amendment. Notably there is no legislative history illuminating the reason for the amendment. However, as general principles of statutory construction dictate that courts are obligated to give effect, if possible, to every word used by the legislative body, I must conclude that the addition of the word "deceptive" was to [sic] intended to cover conduct other than fraud which was clearly embraced by the pre-amendment statute.

In re Patterson, at *92 n.17 (citation omitted). The Bankruptcy Court noted a District Court judges is "bound to follow Pennsylvania law as decided by its highest court," id. at *92-3 (citing Commercial Union Ins. Co. v. Bituminous Casualty Corp., 851 F.2d 98, 100 (3d Cir. 1988)), and that while decisions of the appellate courts should be given "proper regard and are presumptive evidence of state law," Commercial Union, 851 F.2d at 100, the appellate court decisions weigh less heavily where there is "persuasive data that the highest court of the state would decide otherwise." In re Patterson, at *93 (quoting West v. American Telephone & Telegraph, 311 U.S.

5

223, 236-37, 61 S.Ct. 179, 85 L.Ed. 139 (1940)). The Patterson court concluded,

> The intervention of the Pennsylvania legislature, in conjunction with the Pennsylvania Supreme Court's broad construction of the [UTPCPL], and the Superior Court's failure to provide any rationale for its continuing restrictive view of [UTPCPL], leads me to believe that the Supreme Court would disagree with the Superior Court. To require fraud would render the statute's addition of the word "deceptive" redundant.

In re Patterson, at *93 (citations omitted). The cases cited by defendant do not persuade me to hold differently than Seldon and Patterson. Thus, I find that the catch-all provision only requires pleading all of the elements of common law fraud with particularity if plaintiffs allege fraudulent conduct, but not for any alleged deceptive conduct. See also Chiles, 551 F. Supp. 2d at 399 ("[A]ll elements of common law fraud need not be proven if [p]laintiff alleges deceptive conduct."); Christopher v. First Mut. Corp., No. 05-01149, 2006 WL 166566, at *3 (E.D. Pa. Jan. 20, 2006) ("[i]f a plaintiff alleges deceptive conduct under the UTPCPL, however, he need not meet the traditional heightened pleading standard.").

Plaintiffs need not allege the elements of common law fraud or, as a result, meet Rule 9(b)'s particularity requirement to the extent plaintiffs allege deceptive conduct. Therefore, I will not grant defendant's motion to dismiss plaintiffs' claims of deceptive conduct under the UTPCPL's catch-all provision on the basis of plaintiffs' failure to meet Rule 9(b)'s standard.

Plaintiffs amended complaint alleges they justifiably relied on two separate statements by defendant. I will consider each separately. First, plaintiffs allege that they relied on defendant Allstate's slogan, you are "in good hands with Allstate." This phrase has been determined by numerous courts to constitute mere puffery. Rodio v. Smith, 123 N.J. 345, 352, 587 A.2d 621

6

(1991) (finding the slogan 'You're in good hands with Allstate' was "nothing more than puffery" and was thus not "a deception, false promise, misrepresentation, or any other unlawful practice within the ambit of New Jersey's Consumer Fraud Act"); see also Bologna v. Allstate Ins. Co., 138 F. Supp. 2d 310, 322-23 (E.D.N.Y. 2001) (addressing the plaintiff's challenge to Allstate's slogan under the false advertising provisions of § 43(a) of the Lanham Act, the District Court sua sponte dismissed the claim as frivolous and for failure to state a claim, concluding that 'You're in good hands with Allstate' is a general, subjective statement that cannot be proved true or false); Davis v. Allstate Ins. Co., No. 07-4572, 2009 WL 122761, at *6 (E.D. La. Jan. 15, 2009) (dismissing plaintiff's Louisiana Unfair Trade Practices Act false advertising claim when she did "not raise a right to relief on her . . . claim above the speculative level because the Allstate slogan is subjective and amounts to mere puffery").

Allstate's slogan cannot support plaintiffs UTPCPL claim under the "catch-all" provision. Assuming plaintiff is alleging that defendant acted fraudulently in making this statement, I will dismiss plaintiffs' claim for failure to state the elements of common law fraud with particularity. "The elements of common law fraud are: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." Chiles v. Ameriquest Mortagage Co., 551 F. Supp. 2d 393, 399 n.4 (E.D. Pa. 2008). A defendant's claim that amounts to mere puffery cannot establish a misrepresentation of a material fact. See In re McNamara, Bankr. No. 06-16108DWS, 2009 WL 2916977, at *6 (Bkrtcy. E.D. Pa. Feb. 24, 2009) ("[a]ny implication that can be drawn from Debtor's statement that he may have installed more than one paver driveway seems to be more in the nature of puffery rather that a

misrepresentation of a material fact.") (citing In re Copeland, 291 B.R. 740, (Bankr. E.D. Tenn. 2003) (Debtor's oral representation to creditor, made during sale of her cheesecake business, that the business was very profitable and that "[creditors] were very fortunate," was puffery and opinion, . . . did not constitute a statement going to "the essence" of the transaction as required for a material misrepresentation)).

Even assuming plaintiff only alleges that defendant's slogan "You're in good hands with Allstate" is deceptive conduct, which does not require plaintiff to plead all of the elements of common law fraud, I still will dismiss plaintiff's claim. A deceptive act is "conduct that is likely to deceive a consumer acting reasonably under similar circumstances." Black's Law Dictionary (8th ed. 2004). The UTPCPL states that the deceptive conduct must "create[] a likelihood of confusion or misunderstanding," 73 Pa. Stat. § 201-2(4)(xxi). Furthermore, the plaintiffs must have justifiably relied on the alleged deceptive conduct which caused their injury. Seldon, 2009 WL 2394182, at *13. I find plaintiffs allegation that it justifiably relied upon defendant's slogan, which is puffery, fails to state a claim under the catch-all. Alpine Bank v. Hubbell, 555 F.3d 1097, 1107 (10th Cir. 2009) ("mass advertising expressed in vague terms . . . is not relied on by rational adults.") (citing Rodio, 123 N.J. 345). I will dismiss plaintiffs' catch-all claim with respect to defendant's slogan "You're in good hands with Allstate."

Second, plaintiffs allege that they justifiably relied on "representations made by agents of [defendant] . . . that they would abide their fiduciary and contractual obligations under the automobile policy and fairly resolve all claims" in purchasing their automobile insurance. This allegation fails to state a claim of fraudulent conduct, because it does not "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This rule "requires plaintiffs to plead

8

with particularity the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Seville Indus. Mach. Corp. v. Southmost Corp., 742 F.2d 786, 791 (3d Cir. 1984). "[A]llegations of 'date, place, or time' fulfill these functions, but nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Id. Nothing with respect to plaintiffs' allegation gives defendant notice of the "precise misconduct with which they are charged." This allegation clearly fails to meet the heightened pleading requirement for allegations of fraud and I will dismiss it.

Construing the second statement as alleging deceptive conduct, I find it is sufficient to survive the motion to dismiss. Plaintiffs allege that when they purchased the insurance and at other "material times," agents of Allstate promised to abide their contractual and fiduciary obligations under the policy, to resolve fairly all claims and to investigate promptly and pay for any motor vehicle loss claims.[2] Plaintiffs allege this conduct was deceptive because certain of their claims were not fairly resolved, promptly paid and other obligations were breached. Plaintiffs adequately allege that they justifiably relied on Allstate's deceptive statements because they allege that the statements induced them to purchase the insurance policy. Hunt v. U.S.

---

[2] Allstate argues that plaintiffs' allegations are insufficient because the alleged statements were merely promises with respect to the future. All of the cases upon which Allstate relies, however, concern statements which do not constitute fraud rather than deceptive conduct. Bash v. Bell Tel. Co. of Pa., 601 A.2d 825, 832 (Pa. Super. Ct. 1992) ("the breach of a promise to do something in the future is not fraud), Mellon Bank Corp. v. First Union Real Estate Equity and Mortgage Invs., 951 F.2d 1399, 1409 (3d Cir. 1991 ("promises to do future acts do not constitute a valid fraud claim."). I find plaintiffs have adequately alleged Allstate's agents made deceptive statements, even if they do not meet the requirements of a fraudulent statement.

Tobacco Co., 538 F.3d 217, 227 (3d Cir. 2008). Finally, plaintiffs allege that Allstate's failure to properly perform the promised obligations caused plaintiffs their alleged harm. I note that while plaintiffs' allegations may be sufficient to survive defendant's motion to dismiss, their burden will be much heavier on a motion for summary judgment and at trial when they will be required to provide evidence of the alleged statements, plaintiffs' justifiable reliance and causation. Compare Parasco v. Pacific Indem. Co., 870 F. Supp. 644, 648 (E.D. Pa. 1994) (denying defendant's motion to dismiss a claim of a UTPCPL violation because the allegations in the complaint, assumed to be true, exceeded nonfeasance) with Parasco v. Pacific Indem. Co., 920 F. Supp. 647, 657 (E.D. Pa. 1996) (upon review of the evidence, the defendant moved for and was granted summary judgment on the same claim); see also Seidman v. Minnesota Mut. Life Ins. Co., 40 F. Supp. 2d 590, 596. (E.D. Pa. 1997) (noting that an allegation of misfeasance may be sufficient to withstand a motion to dismiss under a more lenient standard applied, while a motion for summary judgment requires evidence of misfeasance).

Accordingly, I will grant in part and deny in part defendant's motion to dismiss count III of plaintiffs' amended complaint. An appropriate Order follows.